IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONJA V. ROGERS, | ) | CASE NO. 1:08 CV 363 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| CREDIT ACCEPTANCE CORP., et al., | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on Plaintiff's Motion to Remand to State Court. (Docket #8.) Pursuant to 28 U.S.C. § 1447(c), Plaintiff, Tonja V. Rogers moves to remand this case to the Lorain County Court of Common Pleas. Plaintiff argues that the Notice of Removal filed by Defendant, Credit Acceptance Corporation, was fatally defective at the time of removal as Defendant has failed to provide evidence proving the amount-in-controversy requirement under the amendments to diversity jurisdiction enacted by the Class Action Fairness Act of 2005 ("the CAFA"). Further, Plaintiff argues that even if diversity jurisdiction does exist, the CAFA-enacted exceptions to such jurisdiction direct the Court to decline exercising jurisdiction. The issue of remand has been fully briefed by the Parties and an oral argument on Plaintiff's Motion to Remand was held on June 3, 2008.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.   The Complaint.

On or about March 30, 2006, Plaintiff purchased a motor vehicle from Express Cars, and entered into a Retail Installment Contract to finance the purchase of the vehicle. The Contract was immediately assigned to Credit Acceptance. Plaintiff filed a complaint against Credit Acceptance, Express Cars, and Thomas Sullivan in the Lorain County Court of Common Pleas, Case No. 07CV154056, alleging that Defendants failed to disclose and improperly utilized a vehicle disabling device which prohibited use of the vehicle when payments on the Contract were late.

The Class Action Complaint against Credit Acceptance asserts causes of action for violation of the Retail Installment Sales Act and Consumer Sales Practice Act; civil conspiracy to violate Ohio's Retail Installment Sales Act and Consumer Sales Practice Act; and, violations of Ohio common law (conversion and trespass to chattel). The class asserted by Plaintiff includes all persons who, on or after December 10, 2001, entered into a retail installment contract for the purchase of a vehicle in Ohio, where the contract was assigned to Credit Acceptance and the vehicle was outfitted with a disabling device.

Plaintiff asserts individual claims against Defendants Express Cars and Sullivan, but does not bring any class claims against Express Cars or Mr. Sullivan.

### II.   Removal.

Credit Acceptance asserts that it properly removed this case pursuant to 28 U.S.C. § 1332, as amended by the CAFA. A class action commenced after the effective date of the CAFA may be removed if (a) any member of the putative class is a citizen of a state different from any

defendants, and (b) the amount in controversy for all members of the putative class in the aggregate exceeds the sum or value of $5,000,000 exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2)(A). Credit Acceptance asserts that the Notice of Removal and Complaint make it clear than Plaintiff, as well as one or more members of the putative class, are citizens of Ohio, while Credit Acceptance is a citizen of Michigan, and, that the amount in controversy for all members of the putative class in the aggregate exceeds $5,000,000.

Credit Acceptance argues it has satisfied the amount in controversy, arguing that the relief sought includes a monetary judgment, including actual damages, punitive damages, statutory penalties, attorneys' fees, and costs against Credit Acceptance in favor of Plaintiff and the other alleged members of the putative class. Further, Credit Acceptance argues that declaratory and/or injunctive relief could cost it millions of dollars. Credit Acceptance asserts that the putative class consists of more than 3,700 members whose vehicles were purchased at a cumulative price in excess of $32,000,000 and with a total cumulative balance owed in excess of $34,000,000. Satisfying the $5,000,000 jurisdictional threshold, Credit Acceptance argues requires only that each class member place approximately $1,350 at issue. Credit Acceptance asserts that by adding attorneys' fees, and the value of declaratory and injunctive relief, the jurisdictional requirement is easily met.

Credit Acceptance argues that the exceptions to Federal jurisdiction asserted by Plaintiff do not apply. Credit Acceptance asserts that the home state exception to jurisdiction to does not apply because Credit Acceptance, as the primary defendant in this case, is a citizen of Michigan. Credit Acceptance asserts that Express Cars, alleged to be the primary defendant in this case by Plaintiff, is not the primary defendant because there are no claims asserted or relief sought on

behalf of the putative class against Express Cars.  Further, Credit Acceptance argues that the local controversy exception does not apply.  Credit Acceptance asserts that the identified class seeks relief only from Credit Acceptance, a Michigan Corporation.

Finally, Defendant argues that the discretionary exception under which this Court can decline to exercise jurisdiction does not apply in this case.  28 U.S.C. § 1332(d)(3) permits the Court to decline to exercise jurisdiction in class action "in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed."  Defendant asserts that as the only primary defendant in this action, the discretionary exception does not apply.

Plaintiff asserts that Credit Acceptance has failed to prove that the lawsuit satisfies the CAFA's $5,000,000 amount-in-controversy threshold and relies on mere speculation.  Further, Plaintiff argues that even if the Court finds the amount in controversy has been satisfied, Express Cars, not Credit Acceptance, is the primary defendant in this case.  Under the home state exception, Plaintiff argues that because two-thirds of the putative class are Ohio citizens and Express Cars is an Ohio citizen, that the exception to jurisdiction set forth in 28 U.S.C. § 1332(d)(4)(B) applies.  Plaintiff argues that Express Cars is the primary defendant in this case, regardless of the fact that only individual claims are asserted against Express Cars and the class does not seek relief from Express Cars.  Plaintiff asserts that "primary defendants" are "those parties that are allegedly directly liable to the plaintiffs, while 'secondary' defendants are those parties sued under theories of vicarious liability."  Plaintiff asserts that the primary defendant need not be a defendant against whom the putative class seeks relief.

At a hearing held on June 3, 2008, the Parties argued the issues presented in Plaintiff's

Motion to Remand.  Based on those arguments and the Briefs submitted by the Parties, the Court must determine whether the CAFA's $5,000,000 amount in controversy has been established by Defendant.  If so, the Court must determine whether any exceptions to jurisdiction exist.

## DISCUSSION

The Class Action Fairness Act ("the CAFA"), enacted February 18, 2005, gives Federal courts jurisdiction to hear class action lawsuits involving minimally diverse parties and more than five-million dollars in controversy. 28 U.S.C. §1332(d).  The CAFA grants original jurisdiction to the Federal courts in class actions in which "any member of the class of plaintiffs" possesses the requisite diversity with respect to "any defendant." 28 U.S.C. § 1332(d).

With regard to the requisite amount in controversy, CAFA eliminates the general rule of nonaggregation for purposes of determining the amount in controversy.  While the general rule of nonaggregation holds that the $ 75,000 amount in controversy must be established for each individual plaintiff, the amount in controversy under CAFA can be satisfied by aggregating the individual class members' claims. 28 U.S.C. 1332(d)(6).  The CAFA also provides special provisions regarding removal of class actions to federal court. 28 U.S.C. 1453(b).  A class action may now be removed to federal court without regard to whether any defendant is a citizen of the state in which the action is brought, and any defendant can remove the action without the consent of the other defendants. *Id.*  Further, the one-year bar to removal from the time a case has been commenced, *see* U.S.C. 1446(b), no longer applies to class actions. 28 U.S.C. 1453(b). *Id.*

### I. Amount-in-Controversy.

When a plaintiff seeks to recover "some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement . . ." the defendant must prove

-5-

that it is "'more likely than not' that the plaintiff's claims meet the federal amount-in-controversy requirement." *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993). The removing defendant must meet a preponderance burden for all issues, including punitive damages, attorneys fees and injunction-related costs. *Brown v. Jackson Hewitt, Inc.*, No. 1:06 CV 2632, 2007 U.S. Dist. LEXIS 13328, at *12 (N.D. Ohio Feb. 26, 2007) (citing *Bower v. Am. Cas. Co. of Reading, Pa..*, No. 99-4102, 2001 U.S. App. LEXIS 18053, *8-11 (6th Cir. Aug. 6, 2001); *Bush v. GE Transp.*, No. 1:05 CV 1360, 2006 U.S. Dist. LEXIS 12821, *4-5 (N.D. Ohio Mar. 22, 2006); *Midwest Motor Supply Co. v. Addis*, No. 2:05 CV 0733, 2006 U.S. Dist. LEXIS 4663, *9 (S.D. Ohio Jan. 23, 2006)).

The burden is not "daunting," as under this standard, a removing defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994). However, a court cannot base jurisdiction on speculation and conjecture. *Richmond v Populous Group, LLC*, No. 4:05 CV 1900, 2005 U.S. Dist. LEXIS 20934, at *5 (N.D. Ohio Sept. 23, 2005). In meeting its burden the proper considerations are as follows:

> In making this calculation, a federal court "should consider the plaintiff's motives; should look at prior lawsuits between the parties, if any; should look at awards in similar lawsuits between other parties; should consider any other evidence defendant may have; and should exercise its common sense.

*Brown*, 2007 U.S. Dist. LEXIS 13328 (quoting *Hahn v. Auto-Owners Ins. Group*, No. 3:04 CV 380, 2006 U.S. Dist. LEXIS 70299, *2 (E.D. Tenn. Sept. 27, 2006)). "Other '[e]vidence may include party affidavits[, a] . . . demand in a prior action which is based on the same events as the present action . . . and pretrial testimony. *Brown*, 2007 U.S. Dist. LEXIS 13328, at *13 (quoting *Richmond*, 2005 U.S. Dist. LEXIS 20934, *4-5).

As evidence that the jurisdictional amount-in-controversy has been satisfied, Credit Acceptance asserts that based on its investigation, the putative class consists of more than 3,700 members whose vehicles were purchased at a cumulative price in excess of $32,000,000 and with a total cumulative balance owed as of February 1, 2008 in excess of $34,000,000. Credit Acceptance argues that satisfying the $5,000,000 jurisdictional threshold requires only that each class member place approximately $1,350 at issue. Taking into consideration actual and punitive damages, reasonable attorneys' fees, and the value of declaratory or injunctive relief, Credit Acceptance asserts that the amount-in-controversy is easily established. While Plaintiff does not dispute the asserted number of class members, Plaintiff argues that the evidence offered by Credit Acceptance does nothing to show that the claims asserted "more likely than not" meet the jurisdictional requirement.

Credit Acceptance simply divides the $5,000,000 jurisdictional requirement by the 3,700 class members to argue that each class member need only place approximately $1,350 at issue and therefore, that this evidence is enough to establish the jurisdictional requirement. Credit Acceptance states the following, as evidence that the jurisdictional amount has "more likely than not" been established:

- Actual and punitive damages for conversion would more likely than not exceed $1,350, such that when the claims of the class are aggregated more than $5,000,000 is in controversy in this case.

- Plaintiff and the class would also be entitled to recover reasonable attorneys' fees under the Ohio Retail Installment Sales Act and Consumer Sales Practice Act.

- Complying with declaratory and/or injunctive relief could cause Credit Acceptance to forego collecting all or a portion of the outstanding balance of $34,000,000 on the loans of the putative class.

Simple division is insufficient in this case to substantiate that the jurisdictional amount-

-7-

in-controversy has more likely than not been satisfied. There is no evidence as to the damages that resulted from the alleged defective disabling system and the Court cannot speculate as to the actual and punitive damages suffered under the circumstances as alleged in this case.

Given the outstanding total balance of the affected loans as determined by Credit Acceptance, $34,000,000, the average contract is for approximately $9,189. Divided by 24 months, the average is $382 per month, or $13 per day. More importantly, there is no evidence as to the actual value of the vehicles. Plaintiff's purchase price was $7,994.40, and after down-payment, her monthly installments were $301.85. Whether the purchase price reflects the actual value of the vehicle is unknown. Plaintiff states that her vehicle was disabled for periods of time ranging from "hours to days," but there is no indication as to how the damages are to be ascertained. Assuming the class action is successful, each individual plaintiff will have different circumstances and there will likely be issues as to whether out-of-pocket expenses were incurred relative to obtaining alternative transportation and whether the individual plaintiff missed work or was otherwise inconvenienced. Aside from speculation, the Court has been given nothing by which it can find that the jurisdictional amount-in-controversy has more likely than not been satisfied.

There is no evidence as to the amount of attorneys' fees likely to be incurred in this case. Further, statements that complying with declaratory and/or injunctive relief "could" cause Credit Acceptance to forego collecting on all or a portion of the loans are insufficient. While it is not required to "research, state and prove" Plaintiff's damages, Credit Acceptance must present at least some evidence to the Court upon which it can find that the jurisdictional amount has been met. Accordingly, the Court finds Defendant, Credit Acceptance Corporation has failed to

substantiate that the $5,000,000 jurisdictional prerequisite for removal pursuant to the CAFA.

II.  **Exceptions to Jurisdiction.**

Because the Court finds that Credit Acceptance Corporation has failed to prove that the claims asserted against it "more likely than not" meet the $5,000,000 amount-in-controversy requirement under CAFA, the Court will not address the issue of whether an exception to jurisdiction applies.

## CONCLUSION

For the foregoing reasons, the Motion to Remand filed by Plaintiff (Docket #8) is hereby GRANTED.  This case is hereby REMANDED to the Lorain County, Ohio Court of Common Pleas.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: June 16, 2008

-9-